IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TREMAIN JONES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0366-D |
| | § | |
| OFFICER FOSTER, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Tremain Jones, an inmate in the Dallas County Jail, against four Dallas police officers. On February 29, 2008, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on May 21, 2008. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff is currently incarcerated in the Dallas County Jail awaiting trial on state drug and weapons charges. According to plaintiff, both charges stem from an illegal search of a residence conducted by four Dallas police officers. During this search, a handgun was recovered from underneath a couch and drugs were found inside the pocket of a coat hanging in a closet. Plaintiff, who was present at the time of the search but did not reside at the home, denies that he possessed the gun or the drugs. At an examining trial held in the underlying criminal case, one of the police officers allegedly testified that he did not have a warrant or permission to search the residence in question. The officer also admitted that the contraband recovered from the home could have belonged to any of the occupants. By this suit, plaintiff seeks unspecified money damages as a result of this illegal search and his subsequent incarceration.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>     (1)    is frivolous or malicious;
>
>     (2)    fails to state a claim upon which relief can be granted; or
>
>     (3)    seeks money relief against a defendant who is immune from
>            such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In order to state a claim upon which relief can be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations,

the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" See *Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. See *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1231 (2008).

B.

The gravamen of plaintiff's complaint is that his arrest and incarceration are the result of an illegal search and seizure. However, a prisoner may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. See *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.*, 114 S.Ct. at 2372. If so, the claim is barred unless the conviction has been reversed or declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000). A claim of false arrest or illegal search and seizure implicates the validity of a criminal conviction where the conviction is based on evidence discovered during the arrest or search. *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996); *see also Parker v. Mendoza*, No. 4-05-CV-0759-Y, 2006 WL 3438627 at *2 (N.D. Tex. Nov. 14, 2006) (citing cases) (applying *Heck* to civil rights action that implies the invalidity of a pending criminal charge).

Plaintiff is currently awaiting trial on state drug and weapons charges. Those charges stem from evidence discovered during the search made the basis of this suit. Because plaintiff's illegal search and seizure claim necessarily implies the invalidity of his incarceration, he cannot maintain

a civil rights action unless and until he is acquitted of the charges or a court finds that the terms of his confinement are invalid. Neither of those circumstances have occurred. Consequently, this claim is not cognizable under 42 U.S.C. § 1983. *See Parker*, 2006 WL 3438627 at *2.[1]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 27, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent plaintiff challenges his pretrial incarceration, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, a search of Dallas County records reveals that plaintiff has never filed an application for writ of habeas corpus under Tex. Code Crim. Proc. Ann. art. 11.07 in any of his pending cases. Unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003) (citing cases).